## Pope v. Beaver County Housing Authority

*Timothy P. O'Brien*, for appellant.
*Clarence D. Neish*, contra.

REED, *J.*, February 25, 1976—This is an appeal from a decision of the Beaver County Housing Authority rejecting Arthur Pope's application for admission to public housing. Pursuant to the Local Agency Law of December 2, 1966, P.L. 1133, 53 P.S. §11301, et seq., this court heard the appeal de novo.

The evidence established the following facts:

Appellant is now 26 years old. From 1968 to 1971, appellant was convicted of a number of minor charges ranging from disorderly conduct to motor vehicle larceny. There are no convictions on his record from 1971 to 1975. In July 1975, Mr. Pope

was arrested on a disorderly conduct charge. He was tried and convicted on October 3, 1975.

Appellant applied for admission to public housing and in August 1975, was informed by letter from the housing authority that the circumstances in his case did not warrant approval of his application. The housing authority official who wrote the letter testified that appellant's prior criminal record and his arrest in July 1975 were the reasons for his rejection. Following an informal hearing before the housing authority, Mr. Pope was informed that his earlier rejection had been affirmed. That letter, dated December 10, 1975 stated that:

"Although the major portion of your arrest and/or conviction record occurred prior to 1974, there is still one recent conviction stemming from the incident in July. . . Because of the number of disorderly conduct incidents you have been involved in, and the Housing Authority's policy of seeking to protect its residents by the exclusion of persons of bad conduct, your application for assignment will not receive any preference."

This policy is expressed in regulations promulgated by the United States Department of Housing and Urban Development, under which the Housing Authority of Beaver County operates. Recent amendments to these regulations, contained in HM75-35 (LHA) App. 1 §860.205, set forth the following standards for tenant selection:

"(b) . . . Relevant information respecting habits or practices to be considered may include, but is not limited to:
" . . .
"(3) A history of criminal activity involving crimes of physical violence to persons or property

and other criminal acts which would adversely affect the health, safety or welfare of other tenants.
". . .

"(d) In the event of the receipt of unfavorable information with respect to an applicant, consideration shall be given to the time, nature, and extent of the applicant's conduct and to factors which might indicate a reasonable probability of favorable future conduct or financial prospects. For example:

"(1) Evidence of rehabilitation;

"(2) Evidence of the applicant family's participation in or willingness to participate in social service or other appropriate counseling service programs and the availability of such programs;

"(3) Evidence of the applicant family's willingness to attempt to increase family income and the availability of training or employment programs in the locality." 40 Fed. Reg. 33446 (1975).

The policy of protecting other tenants by excluding persons of bad conduct is necessary and proper and is not in issue here. However, the housing authority has failed to follow its own governing standards for tenant selection and, in so doing, improperly applied the policy to this applicant. Specifically, the housing authority has not given adequate consideration to the "time, nature and extent of the applicant's conduct."

Had Mr. Pope's conviction record prior to 1975 been the sole basis for the decision to reject his application, there would be no question of its impropriety. The remoteness of these convictions and the applicant's age at the time these offenses were committed, combined with the evidence of his career training, stabilized family situation and willingness to participate in his own rehabil-

itation, would have required the approval of his application.

The true basis for the housing authority's decision to reject the application, as the letters sent by the authority to Mr. Pope and the testimony given at the hearing clearly indicate, was the arrest and conviction for disorderly conduct in 1975. The initial rejection letter was written in August 1975, after Mr. Pope's arrest but before his trial. No inquiry was made regarding the "nature and extent" of the conduct which led to the applicant's arrest. Nor was such an inquiry pursued at the informal hearing granted by the housing authority which was held subsequent to the applicant's conviction.

An examination of the record of the nonjury trial or an independent inquiry would have revealed that the disorderly conduct charge did not involve violence to persons or property and was not the type of conduct contemplated by the regulations as grounds for exclusion from public housing.

The position taken by the housing authority contravenes the intent of the HUD guidelines for tenant selection. Public housing has the purpose of improving the quality of peoples' lives by placing them in better surroundings than they could achieve by their own means. When an applicant, otherwise qualified for public housing, is charged with a crime, the housing authority must at least seek to ascertain whether or not the conduct of the applicant outweighs the factors favoring his admission. Of special concern would be conduct of a violent or destructive nature. If this inquiry were not required, applicants who have displayed a real desire to improve their condition might automatically be denied an opportunity to do so, without

regard to the probability that their future conduct will conform to community standards.

While in no way condoning the conduct of appellant which led to his arrest and conviction, we believe that the nature and extent of this conduct, when considered with other factors in the case, do not call for the applicant's exclusion from public housing.

Therefore, the appeal will be sustained and the Housing Authority of the County of Beaver will be directed to approve the application.

### ORDER

Now, February 25, 1976, following a hearing in open court and consideration of the legal authorities submitted by counsel, it is ordered that the appeal is sustained and the record in this case is remanded to the Housing Authority of the County of Beaver with direction to approve the application of appellant for public housing.